## GERALD BABBITT and ANDREW J. PANHOLZER
## v. STATE OF MARYLAND

[No. 109, September Term, 1981.]

*Decided August 4, 1982.*

The cause was argued before SMITH, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ., and J. DUDLEY DIGGES, Associate Judge of the Court of Appeals (retired), specially assigned.

*Joseph A. DePaul* for appellants.

*Stephen M. Schenning, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

We shall herein address the issue of whether a judge has the authority to appoint a special assistant counsel for the State, at the State's request, to initiate a prosecution by filing a criminal information.

The facts, particularly the procedural aspects of the criminal proceedings involved, are recounted as follows. Gerald Babbitt, Andrew J. Panholzer, and the New Century Corporation were indicted by the Grand Jury for Calvert County for common law forgery; forging and altering under Md. Code (1957, 1976 Repl. Vol.), Art. 27, §§ 44 and 45; common law conspiracy to forge; common law conspiracy to forge or alter a private instrument; and common law conspiracy to forge or alter a public document. The State's Attorney for Calvert County filed a petition with the circuit court for said county requesting the appointment of assistant counsel for the State to avoid the appearance of a conflict of interest, as all the members of the State's Attorney's Office had prior or present dealings with the defendants. Acting under what he felt was his prerogative under Md. Code (1974, 1980 Repl. Vol.), § 2-102 (a) of the Courts and Judicial Proceedings Article, the trial judge appointed Assistant Attorney General Stephen M. Schenning as special assistant counsel for the State to handle the prosecution of the case.

After some discussion between the defense attorney and the appointed prosecutor,[1] the State *nol prossed* the indictments against Babbitt, Panholzer, and New Century. Immediately thereafter, the State again petitioned for the appointment of an assistant prosecutor and the court, again under the auspices of Courts Article, § 2-102 (a), appointed Schenning as special assistant counsel for the State. Schenning subsequently filed a criminal information charging Babbitt and Panholzer with the common law misdemeanors of forgery and conspiracy to commit forgery. In its information the State alleged that Babbitt and Panholzer had altered a Use and Occupancy Permit purportedly issued

---

1. This discussion is not mentioned in the record but was alluded to at oral argument before us.

by the Department of Inspection and Permits of Calvert County to the New Century Corporation, approving a building constructed by New Century for use as a personal residence.

On the day of trial, Babbitt and Panholzer, through counsel, moved to dismiss for lack of jurisdiction, contending that the second order of court appointing Schenning as assistant counsel was invalid, thereby making the information and subsequent proceeding a nullity. The motion was denied, the case proceeded to trial, and Babbitt and Panholzer were convicted of both offenses.

Subsequently, Babbitt and Panholzer appealed their convictions to the Court of Special Appeals. Prior to consideration by that court, however, this Court, on its own motion, granted certiorari to consider the important issue presented.

Babbitt and Panholzer contend, *inter alia*,[2] that when Schenning *nol prossed* the indictments his authority to prosecute the case as special assistant counsel terminated; that under the second order,[3] Schenning was not authorized to file a criminal information; and that, since Schenning was without authority to prosecute, the motion for dismissal should have been granted. Our analysis of the pertinent rule and statute convinces us that the trial court had no authority to appoint counsel for the State to initiate prosecution by filing a criminal information.

---

**2.** Babbitt and Panholzer raise several other questions regarding the proceedings in their appeal but because of the resolution of the instant question we shall not consider them.

**3.** The Order of Court read as follows:

IN THE CIRCUIT COURT FOR CALVERT COUNTY, MARYLAND

STATE OF MARYLAND                    :

   -vs         :

GERALD BABBITT      :
ANDREW PANHOLZER AND
NEW CENTURY CORPORATION :

ORDER OF COURT

Having reviewed the aforegoing Petition to Appoint Assistant Counsel for the State in the above captioned matters, it is this 11th day of September

Chapter 700 of the Maryland Rules of Procedure governs the trial of criminal causes in the circuit courts of the counties and the Criminal Court of Baltimore. Maryland Rule 701. According to Rule 710 (a) "[a]n offense shall be tried *only* on a charging document." (Emphasis supplied.) A charging document is "a written accusation, filed in court, alleging that a defendant has committed an offense. It includes an indictment, an *information* and any charging document defined by section a of Maryland District Rule 702. . . ." Rule 702 (a) (emphasis supplied). An information is "a charging document in which the accusation is made by the *State's Attorney* and which is filed with the court." Rule 702 (d) (emphasis supplied). Pursuant to the Rules, therefore, an individual may only be tried after a charging document has been filed, in this case a criminal information. And in order for a criminal information to be valid it must be filed by the State's Attorney.

It is manifest that Schenning was not appointed as State's Attorney nor as an Assistant State's Attorney. Rather, he was appointed as assistant counsel for the State. A State's Attorney is a constitutional officer and is elected by the voters in the various political subdivisions of the State to prosecute offenses committed therein. The duties of the State's Attorney are prescribed by the General Assembly in Maryland Code (1957, 1981 Repl. Vol.), Article 10, § 34, which reads:

> The State's Attorney for each county and the City of Baltimore shall, in such county or city, prosecute and defend, on the part of the State, *all* cases in which the State may be interested, subject to the

---

1980, pursuant to the Courts and Judicial Proceedings Article, § 2-102, by the Circuit Court for Calvert County, Maryland

ORDERED, that Stephen M. Schenning, Assistant Attorney General BE and he IS hereby appointed to serve as Special Assistant Counsel for the State in the prosecution of the above-captioned matters.

/S/
Perry G. Bowen, Jr.
JUDGE

provisions of § 33B of this article. [Emphasis supplied.]

Although the duties and authority of the State's Attorney are nowhere specifically enumerated or defined, *Food Fair Stores v. Joy,* 283 Md. 205, 213, 389 A.2d 874 (1978), one of the specifically granted prerogatives of the office is to prosecute all cases where the State has an interest.

Despite Schenning's obvious inability to ascend to the position of State's Attorney, the State, in the case *sub judice,* contends that the trial judge's appointment of Schenning under Courts Article, § 2-102 (a) conferred on Schenning the authority to file a criminal information. This statutory construction contradicts the plain wording of the statute and would undermine the constitutional prerogative of the State's Attorney to determine when, who, and whether to prosecute. Such a legislative intent could only be inferred from clear and unambiguous language to that effect.[4]

Courts Article, § 2-102 (a) provides that:

> [i]f advisable in a specific proceeding, a court may appoint an auditor, surveyor, court reporter, assistant counsel for the State, counsel for a party if authorized by law or rule, accountant, master, examiner, or other officer, and may require his presence in court.

A revisor's note to this statute states that

> [t]his section is new language, and allows a court to appoint temporary officers when necessary for the conduct of a specific proceeding. . . .

> * * *

> This section is based on Article IV, § 9 of the

---

4. Even if the legislature were to clearly signal its intent to confer this authority on judges, its efficacy would be questionable in light of Maryland Declaration of Rights, Article 8, providing that "the Legislative, Executive and Judicial powers of Government ought to be forever separate and distinct from each other; *and no person exercising the functions of one of said Departments shall assume or discharge the duties of any other."* (Emphasis supplied.)

Constitution which grants judges broad authority to appoint personnel and on a number of statutes and rules which provide for such appointments. *See* Art. 16, §§ 7-9 — Auditors; § 107 — Trustees; Art. 26, §§ 11 and 12 — Assistant Counsel for the State; Art. 21, § 14-111, Art. 26, §§ 13-15 and Rule BG 76 — Surveyors; Art. 26, § 69 — Masters in Juvenile Causes; Rule 580 — Examiner; 595 — Auditor; 117 — Elisor; 205 (e), 596 — Master; 719, V71 (e), V79 (d) — Counsel. . . .

\* \* \*

Art. IV, § 9 is apparently declarative of the Common Law. . . .

As can be seen by the revisor's note, Courts Article, § 2-102 (a) consolidated the power of the courts to appoint personnel when the situation mandates it for the smooth and efficient running of the judicial system. Looking at the words and their common meanings, it does not authorize the court to assume the State's Attorney's constitutional power to determine when and if to prosecute, nor does it allow the State's Attorney to abrogate his constitutionally prescribed duty by simple acquiescence.

A review of the facts in the instant case illustrates what we mean. Babbitt and Panholzer were indicted by the grand jury and the indictments were filed in the Circuit Court for Calvert County. At this point, a criminal proceeding had begun and was before the court. Because the State's Attorney and his staff raised the possibility of a conflict of interest, the court, under Courts Article, § 2-102 (a), appointed Schenning as assistant counsel for the State to continue the prosecution. There was obviously a "specific proceeding" begun and the court's appointment was necessary to continue the proceedings before it. The appointment was thus valid under Courts Article, § 2-102 (a).

Shortly after Schenning was appointed he elected to enter a *nolle prosequi* to the charges against Babbitt and

Panholzer. A *nolle prosequi* is an abandonment of the prosecution and the case was thus terminated. *Hooper and Kordon v. State,* 293 Md. 162, 443 A.2d 86, 89 (1982); *State v. Moulden,* 292 Md. 666, 441 A.2d 699, 700-02 (1982). There was, therefore, nothing further before the court. Despite this, the court reappointed Schenning, purportedly under Courts Article, § 2-102 (a).

If we were to construe Courts Article, § 2-102 (a) to allow this procedure we would in effect be authorizing trial courts to circumvent the constitutional and statutory role of the State's Attorney and the Rules of Procedure in criminal causes on the strength of a section of the Courts Article. We think it highly unlikely that the legislature intended § 2-102 (a) to transcend such authority without specifically indicating an intention to do so. Rather, conforming to the rule that the Constitution, statutes, and rules will be construed harmoniously where possible, we hold that Courts Article, § 2-102 (a) does not empower a court to appoint assistant counsel for the State to initiate prosecution by filing a criminal information.

In the case at bar, Schenning was not a State's Attorney pursuant to Rule 702 (f) and the criminal information he filed after the entry, of a *nol pros* did not meet the requirements of Rule 702 (d).[5] The charging document was, therefore, a nullity, *see, Ayre v. State,* 291 Md. 155, 433 A.2d. 1150 (1981), and the trial court erred when it did not grant the motion to dismiss. The proceedings that followed the denial of the motion were thus without force and effect and the judgment of the trial court must be reversed.

> *Judgment of the Circuit Court for Calvert County reversed.*
> *County to pay the costs.*

---

5. We note that in this regard this case differs from State v. Ensor & Compton, 277 Md. 529, 356 A.2d 259 (1976), in that, there the Grand Jury did possess authority to initiate prosecution by returning an indictment. Consequently, we need not, in this case, reconsider the holding in State v. Ensor & Compton, that counsel can be appointed under Courts Article, § 2-102 (a) to initiate the presentation of evidence to the Grand Jury.