## CLARENCE LEO YOUNG v. STATE OF MARYLAND

[No. 102, September Term, 1982.]

*Decided October 7, 1982.*

The cause was argued before LISS, ADKINS and ALPERT, JJ.

*Gary W. Christopher, Assistant Public Defender,* with

whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Stephen B. Caplis, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, C. Clarke Raley, State's Attorney for St. Mary's County,* and *Thomas A. McManus, Assistant State's Attorney for St. Mary's County,* on the brief, for appellee.

ADKINS, J., delivered the opinion of the Court.

In this case, appellant Clarence Leo Young asks us to rule that the entire staff of a county state's attorney's office must be disqualified from prosecuting a criminal case if one member of the office, prior to his appointment as assistant state's attorney, represented the defendant in the case. On the record before us, we decline to do so, and thus affirm Young's conviction in the Circuit Court for St. Mary's County (Mattingly, J.).

*The Facts*

Young was indicted for theft of goods valued at over $500. Richard D. Fritz, Esq., was appointed to represent him, consulted with him on several occasions, and according to Young, learned "everything [Young] knew about the case." Later, Fritz was appointed assistant state's attorney and his appearance for Young was stricken.

Prior to Young's trial, Young moved to dismiss on the ground that prosecution by the St. Mary's County State's Attorney's Office would constitute a conflict of interest.[1] He also asked for appointment of an assistant counsel for the State, pursuant to § 2-102 (a) of the Courts and Judicial Proceedings Article. At the hearing on the motion, Thomas

---

1. He does not press the dismissal issue on appeal, and on the facts presented, we agree that the trial court correctly refused to dismiss the indictment. In this record, there is no suggestion of any impropriety in the bringing of the prosecution, which occurred before Young's former defense counsel became associated with the State's Attorney's Office; see *Lykins v. State,* 288 Md. 71, 415 A.2d 1113 (1980).

McManus, Esq., the assistant state's attorney in charge of the prosecution, advised that he had had no communications with Fritz about the case and that Fritz had "no contact at all in the preparation of the case."

On the basis of this information, Judge Mattingly denied the motion. Young was tried and convicted. This appeal followed.

*The Issue*

In *State v. Chambers,* 86 N.M. 383, 524 P.2d 999 (1974), *cert. den.* 86 N.M. 372, 524 P.2d 988 (1974) the New Mexico Court of Appeals, following *State v. Latigue,* 108 Ariz. 521, 502 P.2d 1340 (1972), concluded that in circumstances like those presented here, the entire prosecutor's office was *per se* disqualified from prosecuting a criminal case. This conclusion was reached on the basis of the appearance of impropriety that the court thought arose from the employment as assistant prosecutor of a lawyer who had earlier represented the defendant in the same case even though the former defense counsel had not participated in the prosecution, and had revealed no information obtained from his former client to the other prosecutors. See also *State v. Cooper,* 63 Ohio Misc. 1, 409 N.E. 2d 1070 (Ohio Com. Pl. 1980); and compare *Love v. Superior Court,* 111 Cal. App. 3d 367, 168 Cal. Rptr. 577 (CA 3d Dist. 1980). It is such a *per se* rule of disqualification that Young would have us adopt here.

Other jurisdictions have declined to do so. For example, in *State v. Bell,* 346 So.2d 1090 (1977) the Supreme Court of Louisiana held it was not error for the trial court to decline to recuse the entire district attorney's office, absent a showing that former defense counsel, who had later joined the district attorney's staff, had passed any confidential information to those who actually prosecuted his former client. To the same effect are *Upton v. State,* 516 S.W.2d 904 (Ark. 1974); *State v. Miner,* 258 A.2d 815 (Vt. 1969); and *Hannon v. State,* 266 So.2d 825 (Ala. CCA 1972).

This split in authority highlights the issue before us: Does

the possibility of the mere appearance of impropriety produced by prior defense representation of a criminal defendant by a lawyer later employed in a prosecutor's office automatically mandate disqualification of the entire office in a continuing prosecution of the former client? Or is the matter within the discretion of the trial court to decide after determining whether in fact any impropriety has occurred?

## The Decision

We recognize that a state's attorney's "decision to prosecute, just like the methods he employs to procure conviction, must be in accord with the fair and impartial administration of justice, untainted by any contaminating influence"; *Sinclair v. State,* 278 Md. 243, 260, 363 A.2d 468, 478 (1976). We recognize, too, that a lawyer is required to preserve the confidences and secrets of his client; Code of Professional Responsibility, Canon 4 and DR 4-101; that the Code of Professional Responsibility in Canon 9 urges a lawyer to avoid "Even the Appearance of Professional Impropriety", and that other portions of the Code (*e.g.* DR 5-105) require an individual lawyer to decline employment if the interests of another client might impair the lawyer's professional judgment. However, we are also aware of the state's attorney's duty to protect the public interest by prosecuting in order "to zealously seek to convict those guilty of crime;" *Sinclair, supra.*

Should we adopt the *per se* rule urged by Young, considerable difficulties could arise in the prosecution of any case in which a former defense counsel has later joined the prosecutorial staff, despite lack of participation in the prosecution by the former defense counsel, and despite lack of any disclosure of confidential information. In every such situation, either assistant counsel for the State would have to be appointed under § 2-102 (a) of the Courts and Judicial Proceedings Article or one of the other alternatives noted in *Lykins v. State,* 288 Md. 71, 85-86, 415 A.2d 1113, 1121-1122 (1980) would have to be invoked. Even greater difficulties could arise in connection with the institution of criminal

proceedings since assistant counsel for the State does not have the power to institute them; *Babbitt v. State,* 294 Md. 134, 448 A.2d 930 (1982).

Similar considerations have been reviewed by the American Bar Association's Committee on Ethics and Professional Responsibility. In discussing these issues, the Committee concluded:

> When the Disciplinary Rules of Canons 4 and 5 mandate the disqualification of a government lawyer who has come from private practice, his governmental department or division cannot practicably be incapable of handling even the specific matter. Clearly, if DR 5-105(D) were so construed, the government's ability to function would be unreasonably impaired. . . . Accordingly, we construe DR 5-105(D) to be inapplicable to other government lawyers associated with a particular government lawyer who is himself disqualified by reason of DR 4-101, DR 5-105, DR 9-101(B), or similar Disciplinary Rules. Although vicarious disqualification of a government department is not necessary or wise, the individual lawyer should be screened from any direct or indirect participation in the matter, and discussion with his colleagues concerning the relevant transaction or set of transactions is prohibited by those rules. American Bar Association Committee on Ethics and Professional Responsibility; Formal Opinion No. 342 (Nov. 24, 1975).

Weighing the public interest in prompt and effective prosecution of criminal cases against the also important public interest of confidence in the impartiality of the prosecution, we conclude that possibility of the mere appearance of impropriety, such as existed here, does not mandate appointment of assistant counsel for the State; *cf. Lykins v. State, supra,* 288 Md. at 85, 415 A.2d at 1119. Instead, when it appears that former defense counsel is presently employed in the prosecutor's office the trial court should make inquiry

as to whether the former defense counsel has in any manner participated in the pending prosecution, and as to whether he has revealed to the prosecutors any information obtained from his erstwhile client; see *Weiner v. State,* 290 Md. 425, 434-439, 430 A.2d 588, 594-596 (1981). That is what Judge Mattingly did. Both of those questions were answered in the negative. Under these circumstances, Judge Mattingly did not abuse his discretion in refusing to appoint assistant counsel for the state.

*Judgment affirmed.*
*Costs to be paid by appellant.*