## STATE'S ATTORNEYS' COORDINATOR

TORTS – IMMUNITY – WHETHER STATE'S ATTORNEYS'
 COORDINATOR HAS STATUTORY AND COMMON LAW
 IMMUNITY WHEN APPOINTED A SPECIAL ASSISTANT
 STATE'S ATTORNEY

October 5, 2011

*Steven I. Kroll, Esquire*
*State's Attorneys' Coordinator*

On behalf of the State's Attorneys' Coordination Council ("Coordination Council"), you have asked for our opinion whether the State's Attorney's Coordinator ("Coordinator") has various immunities from liability if the Coordinator is appointed a Special Assistant State's Attorney to handle a particular criminal prosecution when the State's Attorney for the jurisdiction has a conflict of interest.

In our opinion, if the Coordinator accepts appointment as a Special Assistant State's Attorney for a particular case in accordance with a direction of the Coordination Council, the Coordinator will have the same prosecutorial immunity and protection under the Maryland Tort Claims Act as other Assistant State's Attorneys.

## I

### Background

#### A.    *State's Attorneys' Coordinator*

In 1977, the General Assembly created the Coordination Council and the position of Coordinator.  Chapter 710, Laws of Maryland 1977, *now codified at* Annotated Code of Maryland, Criminal Procedure Article ("CP"), §15-201 *et seq*.  The Coordination Council consists of the Attorney General and ten State's Attorneys selected in accordance with the statute.  CP §15-202.  The Coordinator serves as Secretary to the Coordination Council and assists it in carrying out its functions.  CP §15-204.

The Coordinator is appointed by the Coordination Council and serves at its pleasure. CP §15-301(a). The Coordinator is to establish and implement training programs for State's Attorneys and their staffs, devise uniform reporting procedures for gathering statistical information related to the prosecutorial function, and administer the Victim and Witness Protection and Relocation Program. CP §15-302(1)-(3), (7)-(8). The statute confers some general powers and duties on the Coordinator – obtaining grants, expending funds, entering into agreements and contracts, and conferring with the Attorney General, individual State's Attorneys, and the Coordination Council. CP §15-302(4)-(5), (9). In addition, the Coordinator is to "provide services and functions as the Council directs to carry out the duties of the office of Coordinator." CP §15-302(6). The Coordinator is to devote full time to these duties and may not engage in the private practice of law. CP §15-301(d).

Approximately fifteen years ago, a question arose as to whether the position of Coordinator enjoyed any common law or statutory immunity under Maryland law. This Office opined that the Coordinator has no statutory immunity from tort liability by virtue of the office. 81 *Opinions of the Attorney General* 232 (1996).[1] That opinion also concluded that the Coordinator is not entitled to assert public official immunity as Coordinator. *Id.* There have been no substantive changes in the relevant statutes since that time. Accordingly, the Coordinator does not ordinarily enjoy common law or statutory immunity.

### B. *Special Assistant State's Attorney*

In each county, the State's Attorney is an elected constitutional officer on whom the General Assembly has conferred the responsibility to prosecute criminal cases. Maryland Constitution, Article V, §9; CP §15-102. State's Attorneys are authorized to

---

[1] The opinion reasoned that the Coordinator does not fall within any of the categories of "State personnel," as defined in the Maryland Tort Claims Act; nor is the Coordinator an "employee" of a "local government" under the Local Government Tort Claims Act. 81 *Opinions of the Attorney General* at 234-35. In addition, because the Coordinator does not ordinarily exercise the sovereignty of the State, the Coordinator is not entitled to assert public official immunity. *Id*. at 235-36. However, the opinion noted that the Attorney General's Office would represent the Coordinator, if sued, and that the Board of Public Works might well pay a judgment rendered against the Coordinator. *Id*. at 236-37.

employ deputies and assistants to help carry out their duties. *See, e.g.,* CP §15-403(c) (authorizing State's Attorney for Anne Arundel County to hire two deputies and the number of assistants provided for in the budget).

From time to time, a State's Attorney may encounter a conflict of interest in prosecuting a particular case. For example, a State's Attorney may have the responsibility of prosecuting an individual whom the State's Attorney represented while in private practice. In some circumstances, the State's Attorney may be prohibited under the ethical rules governing lawyers from handling such a prosecution. *See* Maryland Lawyers' Rules of Professional Conduct, Rules 1.9, 1.11(d)(1); *Gatewood v. State*, 388 Md. 526, 541-51, 880 A.2d 322 (2005); *Lykins v. State*, 288 Md. 71, 85, 415 A.2d 1113 (1980) (State's Attorney's former representation of defendant merited replacement of prosecutor, not dismissal of indictment). Or, even when there is no absolute prohibition under the ethical rules, a State's Attorney may wish to avoid even the appearance of a conflict of interest.

In such circumstances, the State's Attorney may wish to assign the case to a Special Assistant State's Attorney who will function independently of the State's Attorney. *See* 59 *Opinions of the Attorney General* 121 (1974) (discussing a proposed appointment of a special prosecutor for cases in which a State's Attorney had a conflict). Such a prosecutor may be appointed by the State's Attorney. *See Goldberg v. State*, 69 Md. App. 702, 710-18, 519 A.2d 779 (1987), *aff'd on other grounds*, 315 Md. 653, 556 A.2d 267 (1989); *State v. Aquilla*, 18 Md. App. 487, 495, 309 A.2d 44 (1973). Alternatively, if charges have already been filed, the trial court may appoint a special prosecutor, at the suggestion of the State's Attorney, under Annotated Code of Maryland, Courts & Judicial Proceedings ("CJ"), §2-102.[2]

---

[2] CJ §2-102(a) provides:

> If advisable in a specific proceeding, a court may appoint an ... assistant counsel for the State ... and may require his presence in court.

This section has been recognized as a source of authority for appointment of a Special Assistant State's Attorney in conflict situations. *See Lykins, supra*, 288 Md. at 86; 59 *Opinions of the Attorney General* at 122

(continued...)

## II

### Analysis

Your inquiry concerns situations in which the Coordinator is asked to serve as a Special Assistant State's Attorney when it is deemed advisable to appoint someone other than the State's Attorney or the State's Attorney's staff to prosecute a particular case. You have asked whether the Coordinator has the immunity of a prosecutor, including coverage under the Maryland Tort Claims Act, when the Coordinator serves as a Special Assistant State's Attorney. An initial question is whether the Coordinator may accept such an assignment.

### A. *Whether the Coordinator May Serve as a Special Assistant State's Attorney*

The statue that creates the position of Coordinator does not explicitly authorize the Coordinator to serve as a Special Assistant State's Attorney. However, the statute states that the Coordinator is to "provide services and functions as the [Coordination] Council directs" in carrying out the duties of Coordinator. CP §15-302(6). While this open-ended provision grants the Coordination Council considerable discretion in directing the activities of the Coordinator, it is evident that any services or functions undertaken by the Coordinator should relate ultimately to the training, reporting, and administrative duties of the position. In our view, the Council might reasonably direct the Coordinator to serve as a Special Assistant State's Attorney from time to time. While such service may benefit the individual State's Attorney's office that requires such services, it also has the benefit of exposing the Coordinator to prosecutorial

---

[2] (...continued)
(discussing such an appointment under the predecessor of CJ §2-102). However, counsel appointed under CJ §2-102 would ordinarily be assigned to prosecute a case that had already been commenced. *See Babbitt v. State*, 294 Md. 134, 448 A.2d 930 (1982) (counsel appointed under CJ §2-102 may not initiate a criminal prosecution by filing a criminal information). The Court of Appeals in *Lykins* recognized that the Attorney General's Office could also provide an alternate prosecutor in such situations.

practices in a variety of jurisdictions.[3] The Coordination Council could reasonably conclude that such service enhances the Coordinator's ability to organize meaningful training programs for State's Attorneys and their staffs.

### B. Whether the Coordinator Has Immunity as a Special Assistant State's Attorney

As noted above, the position of Coordinator itself does not have the benefit of statutory or common law immunities. Nevertheless, the particular services performed by the Coordinator may confer obligations, as well as protections, not ordinarily associated with the position. For example, in entering into a contract – as authorized by the statute – the Coordinator may undertake contractual obligations and rights that are not conferred on the position by the statute. Similarly, in acting as a Special Assistant State's Attorney pursuant to the Coordination Council's direction, the Coordinator may have the benefit of an immunity that the position of Coordinator by itself does not enjoy.

As a prosecutor, a State's Attorney, as well as the deputy and assistant State's attorneys appointed by the State's Attorney, enjoy various immunities from liability. *See, e.g., Gill v. Ripley*, 352 Md. 754, 759-74, 724 A.2d 88 (1999) (tracing history of doctrine of prosecutorial immunity and its various applications); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors absolutely immune from liability in §1983 actions for conduct in the judicial phase of the criminal process). In addition, under the Maryland Tort Claims Act, they have immunity from liability for tortious acts committed without malice or gross negligence. *See* Annotated Code of Maryland, Courts & Judicial Proceedings Article, §5-522(b) (immunity of "State personnel" under Maryland Tort Claims Act); State Government Article, §12-101(a)(8) (including "State's Attorney ... or an employee of an office of a State's Attorney" within

---

[3] In that regard, it is notable that the bill file for the legislation that created the position of Coordinator contains a study of prosecuting attorney coordinators in other states and discusses the advantages and disadvantages of the various forms that such positions had taken as of that time. It noted that a primary argument in favor of creating an independent position, as the Maryland statute ultimately did, was to ensure that the Coordinator was responsive to local application of the criminal law throughout a state. *See* "Organization and Operation of Office (Appendix A)" in Legislative File for Senate Bill 465 (1977).

the definition of "State personnel"); *see also Newell v. Runnels*, 407 Md. 578, 635-37, 967 A.2d 729 (2009).

An individual appointed as a Special Assistant State's Attorney would typically come from outside the prosecutor's office and thus would likely not have prosecutorial immunity in the individual's usual employment.[4]  In our view, such an individual would have that immunity while serving as a special prosecutor for the State's Attorney's Office.  As the Supreme Court has indicated, the application of prosecutorial immunity turns on "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).[5]

With respect to coverage under the Maryland Tort Claims Act, it is our view that an individual appointed as a Special Assistant State's Attorney will qualify for coverage under the Act.  Such an appointee would be covered either as an "employee" of the State's Attorney's Office in his or her capacity as Special Assistant State's Attorney or as an unpaid "volunteer" who provides services to the State.[6]

---

[4] There may be some instances in which an attorney who is appointed as a Special Assistant State's Attorney normally works in another position that has various immunities associated with it – *e.g.*, an Assistant Attorney General or an Assistant State's Attorney from another jurisdiction – but those immunities are presumably related to the individual's normal duties and not the special appointment.

[5] The Supreme Court has held that, in some circumstances, private individuals performing what might otherwise might be a government function may not have official immunity. *Richardson v. Walker*, 521 U.S. 399 (1997) (prison guards at privatized prison did not have official immunity).  However, the Court has been careful to distinguish those circumstances from instances in which a private individual is briefly associated with a government body, serves as an adjunct to government in an essential governmental activity, or acts under close official supervision – all of which may characterize a private individual serving as a Special Assistant State's Attorney.  *See* 521 U.S. at 413.  The Court recently granted a writ of certiorari to assess the application of official immunities to a private attorney under contract with a municipality. *See Filarsky v. Delia*, 2011 U.S. LEXIS 5204 (September 27, 2011).

[6] The State Treasurer defines "volunteer" for purposes of the Maryland Tort Claims Act as follows:

(continued...)

Thus, in our view, if appointed a Special Assistant State's Attorney for a particular case, the Coordinator would enjoy the same immunity from suit and liability as any other individual appointed to that position. The fact that the Coordinator does not ordinarily enjoy public official immunities or immunity under the Maryland Tort Claims Act does not disqualify the Coordinator from having the immunities that otherwise attach to the position of Special Assistant State's Attorney.

## III

## Conclusion

For the reasons set forth above, it is our opinion that, if the Coordinator accepts appointment as a Special Assistant State's Attorney in a particular jurisdiction in accordance with a direction of the Coordination Council, the Coordinator will have the same

---

[6] (...continued)
(8) "Volunteer" means a person who:

(a) Is performing services to or for a unit of State government, the employees of which are considered State personnel under [the Tort Claims Act and regulations];

(b) Is engaged in the actual performance of services in §B(8)(a) at the time of the incident giving rise to a claim; and

(c) In the performance of services in §B(8)(a):
(i) Is participating in a formal volunteer program, or
(ii) Before the beginning of those services, is formally recognized by the unit as a volunteer.

COMAR 25.02.01.02B(8). The employees of a State's Attorney's Office are considered "State personnel" for purposes of the Tort Claims Act; an appointment as an unpaid Special Assistant State's Attorney to perform the prosecutorial function of an Assistant State's Attorney should suffice as formal recognition of the individual as a volunteer.

prosecutorial immunity and protection under the Maryland Tort Claims Act as other Assistant State's Attorneys.

Douglas F. Gansler
*Attorney General*

Robert N. McDonald
*Chief Counsel*
  *Opinions and Advice*